**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEREK VERNON MEDINA,

        Plaintiff,

v.                                                                Case No. 3:26-cv-1302-WWB-PDB

UNITED STATES POSTAL OFFICE,

        Defendant.

_____

**<u>ORDER</u>**

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.[1]

The Prison Litigation Reform Act ("**PLRA**") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

---

[1] Plaintiff did not include the filing fee with his Complaint; thus, the Court presumes he desires to proceed *in forma pauperis*.

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:22 cv-422-MMH-PDB (failure to state a claim); (2) 3:22-cv-525-BJD-JBT (failure to state a claim); (3) 3:23-cv-1348-HLA-MCR (failure to state a claim); and (4) 3:23-cv-1415-HES-MCR (failure to state a claim).  Therefore, Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). *See* Order (Doc. 2), 3:23-cv-1426-MMH-LLL (M.D. Fla. Dec. 11, 2023).

Further, Plaintiff's allegations do not warrant the imminent danger exception to dismissal. Through his Complaint, Plaintiff alleges that the United States Postal Office returned his outgoing mail despite having correct addresses listed.  (Doc. 1 at 3, 5). Although Plaintiff's present action will be dismissed without prejudice, Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $405.00 ($350.00 filing fee and $55.00 administrative fee).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on May 21, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

2

JaxP-12
c:
Derek Vernon Medina, #M95189